PETER C. ANDERSON
UNITED STATES TRUSTEE
MICHAEL JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
DAVID S. SHEVITZ, State Bar No. 271917
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
(213) 894-3240 telephone
Email: David.S.Shevitz@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**PRESENTATION MEDIA, INC.,**<br><br>    Debtor and Debtor in<br>    Possession. | ) Case No.: 2:25-bk-17723-BB<br>)<br>) Chapter 11<br>)<br>) **UNITED STATES TRUSTEE'S**<br>) **OBJECTION TO DEBTOR'S ORIGINAL**<br>) **DISCLOSURE STATEMENT**<br>) **DESCRIBING CHAPTER 11**<br>)<br>) **Hearing on Adequacy of Disclosure**<br>) **Statement:**<br>)<br>) Hearing Date:  May 13, 2026<br>) Time          1:00 p.m.<br>) Place         Courtroom 1539<br>)              255 E. Temple St.<br>)              Los Angeles, CA 90012<br>)<br>) |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE,**

**DEBTOR, DEBTOR'S COUNSEL, AND ALL PARTIES IN INTEREST**

- 1 -

## I. **<u>INTRODUCTION</u>**

The United States Trustee hereby files this Objection (the "Objection") to the Debtor's Original Disclosure Statement Describing Chapter 11 Plan (dkt. 139) (the "Disclosure Statement") for the Debtor's Original Chapter 11 Plan (dkt. 138) ("Plan") filed by Presentation Media, Inc. ("Debtor") because, it is unclear if the provision ("Exculpation Clause") is excluding malpractice claims under the California Rule of Professional Conduct ("CA RPC") 1.8.8.  Further, the Plan cannot be confirmed because there is neither jurisdiction nor any legal basis for the injunction barring claims against non-debtors that is part of the Exculpation Clause including the Fox Law Corporation and Lucove, Say & Co. and the term "agents" of the Debtor/Reorganized set forth in the separate Injunction Clause ("Injunction Clause").  Although the exculpated professionals FoxLaw Corporation, Inc. and Lucove, Say & Co. may be exculpated from liability, there is no legal basis for third parties to be enjoined from suing them without written consent.

The exculpation clause (the "Exculpation Clause") reads in the Plan as follows:

"Any person or entity asserting a claim against a professional retained by the Debtor under the Bankruptcy Code is enjoined from bringing a claim against any such professional for any action taken by the professional from the date of filing the petition through the Effective Date in connection with the professional's role in this case, unless such claim is based on allegations of willful misconduct, gross negligence, breach of fiduciary duty, or fraud. **This injunction shall stay any proceeding in any court, any administrative proceeding, and/or any other judicial process, other than in this Court, brought at any time, that may implicate liability of a professional described in this paragraph**.  The exculpated professionals are The FoxLaw Corporation, Inc. and Lucove, Say & Co."

Plan at dkt. 138 pg. 17 (internal pg. 14), Article XI. ¶ B and Disclosure Statement at dkt. 139 pgs. 17-18 (internal pgs.  14-15) Article XI. ¶ B (emphasis added).

The injunction clause (the "Injunction Clause") reads in the the Plan as follows:

"A.     Injunctions Concerning the Debtor
Except as provided in the Plan or the Confirmation Order, as of the Confirmation Date, any person or entity that has held, currently holds, or may hold (through the Plan's Effective Date) a claim or interests against the Debtor is enjoined from taking any of the following actions directly or indirectly against the Debtor, the Reorganized Debtor, **agents**, and/or their respective properties on account of any such Claims, debts, liabilities, or interests or rights:
(I) commencing or continuing, in any manner or in any place, any action or other proceeding that may impact the Order confirming the Plan or the reorganization;

(ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order that is in effect a judgment, award, decree or order against the Debtor or Reorganized Debtor;

(iii) creating, perfecting, or enforcing any Lien or encumbrance against the Debtor, the Reorganized Debtor and/or their assets;

(iv) asserting a setoff, right of subrogation, or right of recoupment of any kind against any debt, liability, or obligation due to the Debtor or the Reorganized Debtor, whether such debt accrued before or after the Effective Date of the Plan; and

(v) commencing or continuing any action in any manner, in any place that does not comply, or is inconsistent, with the provisions of this Plan or the Order confirming the Plan.

Plan at dkt. 138 pgs. 16-17 (internal pgs. 13-14), Article XI. ¶ A (emphasis added).

## II.  ARGUMENT

There are various reasons set forth *infra* why the Debtor's proposed Plan should not procedure further through the confirmation process.  The United States Trustee does not raise these issues prematurely. The Disclosure Statement cannot be approved because the Plan contains provisions that are patently unconfirmable as a matter of law. A disclosure statement describing a legally impermissible plan cannot be found to contain "adequate information." *See In re Beyond.com Corp.,* 289 B.R. 138, 140 (Bankr. N.D. Cal. 2003).

### A.  Minimum Disclosure Requirements

Section 1125 of the Bankruptcy Code prohibits the solicitation of acceptances or rejections of a plan from the holder of a claim or interest unless a written disclosure statement, which the court has found to contain adequate information, has first been transmitted to such holder. "Adequate information" is defined as:

> [I]nformation of a kind, and in sufficient detail, as far is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan. . . .

11 U.S.C. §1125(a)(1).

The phrasing of this section indicates that a finding of "adequate information" will be made on a case-by-case basis.  No set of guidelines, therefore, could hope to be exclusive or exhaustive. However, there has developed some consensus around a "core" set of factors to be considered in

most cases.  The leading case setting forth these factors is *In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984).

The *Metrocraft* court found that factors relevant to evaluating the adequacy of a disclosure "may include" the following:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountant's fees; (13) the collectibility of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of the preferential or otherwise voidable transfers; (17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*Metrocraft*, *supra*, 39 B.R. at 568.

Adequate information typically includes information sufficient to allow creditors to make an informed choice regarding the approval or rejection of a plan.  *Duff v. United States Trustee* (*In re California Fidelity, Inc.*), 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996).  Significantly, while the determination of adequate information is discretionary and factual, a disclosure statement should not be approved if it describes a plan that is patently unconfirmable.  *See In re Beyond.com Corp.*, 289 B.R. 138, 140 (Bankr. N.D. Cal. 2003) (facially invalid plan precludes approval of disclosure statement).

Here, the Disclosure Statement should not be approved to the extent that it describes a Plan that cannot be confirmed due to the inclusion of the overly broad Exculpation Provision and the impermissible Injunction Provision.

**B.  <u>Legal Malpractice Should be Excepted From the Exculpation Clause</u>**

The Exculpation Clause includes as exculpated parties, the FoxLaw Corporation, Inc. and Lucove, Say & Co.  FoxLaw Corporation is proposed counsel for the Debtor in this case.  Thus, it could be read to insulate professionals from the consequences of their violation of the rules of professional conduct. The CA RPC 1.8.8 prevents a lawyer from "limiting the lawyer's liability to

the client for the lawyer's professional malpractice…." Allowing such a provision in this case makes little sense as it would discharge any potential consequences from the California State Bar Association, which is not a party to this proceeding.

The United States Trustee also objects to the extent the exculpation shields the exculpated parties who rely upon the advice of counsel.  While such reliance may be raised as an affirmative defense, it should not serve as a predetermined absolute bar against liability.  The exculpated parties should have a claim against their legal advisors for improper or mistaken advice, and the exculpation should not extend any protection for such advice.  Here, Debtor appears to be limiting the exculpation language to attorneys as follows: "Any person or entity asserting a claim against a professional retained by the Debtor under the Bankruptcy Code is enjoined from bringing a claim against any such professional for any action taken by the professional from the date of filing the petition through the Effective Date in connection with the professional's role in this case, unless such claim is based on allegations of willful misconduct, gross negligence, breach of fiduciary duty, or fraud."[1] This provision remains ambiguous as to whether or not malpractice claims are part of the Exculpation Clause.  This provision could be clarified by stating that the professionals are not released if they committed malpractice during the bankruptcy case.

**C. <u>There is No Legal Basis For the Injunction as to the Exculpated Parties in the Exculpation Clause or as to Any Non-Debtor Parties in the Injunction Provision</u>**

This Court should not approve the portion of the Exculpation Clause that includes an injunction because that injunction is a non-consensual third-party release that is not permitted under the Bankruptcy Code.  Here, although the exculpated professionals FoxLaw Corporation, Inc. and Lucove, Say & Co may be exculpated from liability, there is no legal basis for third parties to be enjoined from suing them without written consent. The inunction language in the Exculpation clause is only permissible if all impacted parties actually agree in writing to it.  Therefore, the sentence in the Exculpation Clause that states "This injunction shall stay any proceeding in any

---

[1] Plan at dkt. 138 pg. 17 (internal pg. 14), Article XI. ¶ B and Disclosure Statement at dkt. 139 pgs. 17-18 (internal pgs.  14-15) Article XI. ¶ B (emphasis added).

court, any administrative proceeding, and/or any other judicial process, other than in this Court, brought at any time, that may implicate liability of a professional described in this paragraph" should be removed.[2]   Additionally, the Injunction Clause impermissibly bars claims against non-debtors because, in addition to the Debtor and Reorganized Debtor, it impermissibly bars claims against "agents" of the Debtor or Reorganized Debtor without written consent and it remains unclear if it bars additional parties beyond the Debtor, Reorganized Debtor and their "agents".

**1. Non-Consensual Third Party-Releases Are Not Permitted by the Bankruptcy Code**

*Purdue* held that non-consensual third-party releases and injunctions are generally not permitted by the Bankruptcy Code. *See Harrington v. Purdue Pharma L.P*, 603 U.S. 204, 227 (2024).  As the *Purdue* court noted, the Bankruptcy Code allows courts to issue an injunction in support of a non-consensual, third-party release in exactly one context: asbestos-related bankruptcies, and this case is not asbestos-related. *See id*. at 222 (citing 11 U.S.C. § 524(g)).

Even if the third-party releases as to the exculpated professionals FoxLaw Corporation, Inc. and Lucove, Say & Co., listed in the Exculpation Clause or as to "agents" of the Debtor or Reorganized Debtor set forth in the Injunction Clause could be deemed consensual, which they are not, that would not mean that the Court has authority to impose an injunction.  An injunction is critically different from a consensual non-debtor release.  The legal effect of a consensual release is based on the parties' agreement. *See In re Continental Airlines Corp*., 907 F.2d 1500, 1508 (5th Cir. 1990) (holding that for settlement provisions "unrelated to substantive provisions of the Bankruptcy Code," "the settlement itself is the source of the bankruptcy court's authority").  The non-debtor parties themselves are altering their relations; the Court is not using its judicial power to effect that change.  An injunction, by contrast, relies on the Court's power to enter orders binding on parties.  The Court must therefore have both constitutional and statutory authority to enter an injunction.  And, once such jurisdiction and authority are established, the Court still must determine that an injunction is warranted.  But jurisdiction, authority, and a showing that

---

[2] Plan at dkt. 138 pg. 17 (internal pg. 14), Article XI. ¶ B and Disclosure Statement at dkt. 139 pgs. 17-18 (internal pgs.  14-15) Article XI. ¶ B (emphasis added).

injunctive relief is warranted are all absent here.

### 2. The Bankruptcy Court Lacks Jurisdiction to Enter Into a Permanent Injunction Barring Claims Between Non-Debtors

A bankruptcy court generally lacks jurisdiction to enter a permanent injunction barring claims between non-debtors. *See In re Rohnert Park Auto Parts, Inc.*, 113 B.R. 610, 615 (B.A.P. 9th Cir. 1990) ("The Ninth Circuit has held that a bankruptcy court lacks jurisdiction and power to enjoin permanently, beyond confirmation of a reorganization plan, a creditor from enforcing a state court judgment against the debtor's guarantors.") (*citing In re American Hardwoods, Inc.,* 885 F.2d 621 (9th Cir. 1989)); *In re Zale Corp.*, 62 F.3d 746, 755, 757 (1995).  While 28 U.S.C. § 1334(b) provides concurrent jurisdiction over civil proceedings "related to" a bankruptcy case, the enjoined claims between non-debtors do not "relate to" the Debtor's chapter 11 case.

An action is related to bankruptcy if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *See In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988).  Post-confirmation "related to" jurisdiction is limited to matters that have a "close nexus" to the debtor's plan or bankruptcy proceeding. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005) ("'the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'").  Post-confirmation jurisdiction does not lie merely "because the action could conceivably increase the recovery to creditors." *Id.,* at 1194 n.1.  Accordingly, the Court has no jurisdiction to enjoin those claims.

### 3. The Bankruptcy Court Lacks Jurisdiction to Enter Injunctive Relief Because Debtor Lacks Standing

The Court also lacks jurisdiction to enter injunctive relief because the Debtor lacks standing to seek it.  A party seeking injunctive relief must have standing to do so. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011); *In re Stewart*, 647 F.3d 553, 557 (5th Cir. 2011).

To have standing, the party seeking injunctive relief must show that "he 'has sustained or is immediately in danger of sustaining some direct injury'" and "the injury or threat of injury must be

both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Lyons*, 461 U.S. at 105; *see also Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 991 (9th Cir. 2023) ("To the extent a plaintiff seeks relief for a possible future injury, that injury must be 'certainly impending,' … or there must be a 'substantial risk' that the harm will occur' ….") (citations omitted). "Absent such a showing, there is no case or controversy regarding prospective relief, and thus no basis in Article III for the court's power to issue an injunction." *Stewart*, 647 F.3d at 557; *Lyons*, 461 U.S. at 101-02.

The Debtor has not made the requisite showing of real and immediate harm here. Accordingly, the Court lacks jurisdiction to enter injunctive relief with respect to the clams subject to the Exculpation Provision or as to the "agents" of the Debtor or reorganized Debtor in the Injunction Provision.  Further, there is no authority in the Bankruptcy Code for an injunction barring claims between non-debtors.  The Debtor cannot rely on 11 U.S.C. § 105(a) for this authority because it "serves only to carry out authorities expressly conferred elsewhere in the code." *Purdue*, 603 U.S. at 216 n.2 (quotation marks omitted).  But nothing in the Code authorizes the Court to use its judicial power to bar claims between non-debtors. *Id*. at 227

### 4.    Debtor Has Not Demonstrated That Injunctive Relief is Warranted

An injunction is not warranted by the traditional factors that support injunctive relief.  A party seeking an injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006); *see also Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'") (*quoting Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)); *id.* (noting that an injunction is an "extraordinary remedy").

Here, the Debtor has not shown that this test is satisfied.  An injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat." *Lyons*, 461 U.S. at 111.  There is no indication of a real or

immediate threat with respect to any claim filed or held against the exculpated parties as to the Exculpation Provision or the as to "agents" of the Debtor or Reorganized Debtor set forth in the Injunction Clause.

### IV. CONCLUSION

WHEREFORE, the U.S. Trustee objects to the Disclosure Statement because it describes a plan that is unconfirmable to the extent that it includes the Exculpation Clause, and the Injunction Clause without modifications to those provisions.

DATED: April 23, 2026

Respectfully submitted,
PETER C. ANDERSON
UNITED STATES TRUSTEE

  /s/ David S. Shevitz
By:    DAVID S. SHEVITZ
        Trial Attorney

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

915 Wilshire Blvd. Suite 1850, Los Angeles CA 90017.

A true and correct copy of the foregoing document entitled (*specify*): **UNITED STATES TRUSTEE'S  OBJECTION TO DEBTOR'S ORIGINAL DISCLOSURE STATEMENT DESCRIBING CHAPTER 11** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 1-4/24/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 4/24/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/24/2026 | David S. Shevitz | /s/ David S. Shevitz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

**SECTION I – EMAIL SERVICE**

**Ronald Appel      attorneyrappel@gmail.com**
**Steven R Fox  (counsel for Debtor)   emails@foxlaw.com**
**Elan S Levey      elan.levey@usdoj.gov,**
**usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov**
**Dave Shenian     dshenian@clarkhill.com, ntaylor@clarkhill.com**
**David Samuel Shevitz     David.S.Shevitz@usdoj.gov**
**Jessica M. Simon     jsimon@hrhlaw.com, mgranzow@hrhlaw.com**
**United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov**

**SECTION II – U.S. MAIL SERVICE**

**Debtor**
Presentation Media, Inc.
1916 W 144th St
Gardena, CA 90249

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.